Merrimack, }
June, 1895. }

ÆTNA MUTUAL LIFE INSURANCE CO. *v.* CLOUGH *& a.*

Under a policy of life insurance payable to the wife of the assured, or, if she dies first, to " their children," a child by his subsequent marriage takes nothing.

BILL OF INTERPLEADER.    March 1, 1869, George Clough took out a policy of insurance in the plaintiff company for $15,000, which was made payable to his wife Eliza R.; and " in case of the death of the said Eliza R. Clough before the decease of said George Clough, the amount of said insurance shall be payable to their children for their use, or to their guardian if under age." Previous to their marriage neither of them had children.    At the date of the policy they had two sons, George P. and Charles P., two of the defendants.    Eliza died March 26, 1874.    April 15, 1880, George married Laura A. Clough, by whom he had a son Henry B., who was born September 10, 1884.    George died January 2, 1895.    Laura A., as the guardian of Henry B., is the other defendant, and claims in behalf of her ward one third of the insurance money, while George P. and Charles P. claim the whole of it.    The court sustained the latter claim, and the guardian excepted.

*William H. Sawyer* and *Streeter & Walker*, for Laura A. Clough, guardian.

*Albin & Martin* and *De Witt C. Howe*, for George P. and Charles P. Clough.

*Plaintiffs, pro se.*

*Per Curiam.** The title to the fund in question depends upon the construction of the contract contained in the policy.    The natural meaning of the language used is not obscure or doubtful, and there is no evidence that the parties did not intend by the expression, " their children," the children of George and Eliza. *Connecticut M. L. Ins. Co.* v. *Fish,* 59 N. H. 126, 127; *Lockwood* v. *Bishop,* 51 How. Pr. 221.    The assured's second marriage and the birth of another son had no effect upon the contract of insurance, and did not modify its meaning.    The rights of the beneficiaries vested at the date of the policy, and could not be changed to their prejudice by any subsequent act of the assured,

* See foot-note on page 22.

without their consent. *Stokell* v. *Kimball*, 59 N. H. 13; *City Savings Bank* v. *Whittle*, 63 N. H. 587.

*Exception overruled.*

BLODGETT, J., did not sit : the others concurred.